United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Luis Adolfo Gonzales Lopez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-6180 |
| | § | |
| Todd Blanche, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Luis Adolfo Gonzales Lopez's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Honduras, concedes that he illegally entered the United States. *Id.* ¶ 21. On or about June 29, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending his removal proceedings. *Id.* ¶ 25. He remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Houston, Texas. *Id.* ¶ 1. Petitioner asserts that his current detention violates (i) substantive due process; (ii) procedural due process; (iii) the Administrative Procedure Act; (iv) the Fourteenth Amendment's Equal Protection Clause; and (v) the Suspension Clause of Article I of the Constitution. *Id.* ¶¶ 47–86, 92–102. Petitioner further claims that Respondents are equitably estopped from asserting he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he was previously released from immigration detention on parole and was not re-detained when his parole terminated. *Id.* ¶¶ 87–91.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[1]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[2]

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[2] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under 8 U.S.C. § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected the precise challenges raised by Petitioner in the following orders:

- *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026): Holding that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

- *Portillo de Marquez v. Mullin*, 4:26-cv-2073 (S.D. Tex. July 14, 2026): Rejecting an *ultra vires* agency action claim as an improper attempt to bind the current Administration to its predecessors' positions when the Immigration and Naturalization Act contemplates re-detention.[3]

Because Petitioner exclusively asserts grounds for relief that the Court previously rejected in the above-cited decisions, it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

---

[3] Although addressing a claim of *ultra vires* agency action rather than the exact claim Petitioner raises, the reasoning in *Portillo de Marquez* applies with equal force to Petitioner's equitable estoppel claim. Petitioner's equitable estoppel claim is based upon his claims of due process violations, dealt with in *Campos-Bernal*, and his alleged "reasonable reliance" on past actions of the government, dealt with in *Portillo de Marquez* as an attempt to "bind the current Administration to previous decisions." Petitioner was released into the United States in 2023, during a different Administration. Doc 1-4.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 8th of September, 2026.

Nicholas J. Ganjei
United States District Judge